United States District Court
Southern District of Texas
**ENTERED**
November 18, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **CARMEN DELGADO LLANES,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-06660** |
| | § | |
| **MARTIN FRINK, TODD BLANCHE, GABRIEL MARTINEZ, MARKWAYNE MULLIN and UNITED STATES,** | § | |
| | § | |
| | § | |
| | § | |
| **Respondents.** | § | |

**ORDER OF DISMISSAL**

This case asks whether the Respondents[1] may lawfully detain an alien under 8 U.S.C. § 1225(b) after that person was previously paroled into the United States following arrival at a port of entry. The answer, in this case, is yes.

Carmen Delgado Llanes is citizen of Cuba who arrived in the United States through Brownsville, Texas, on August 27, 2023. (Dkt. No. 6 at 2; Dkt. No. 6–1 at 1). Llanes arrived "without documents sufficient for lawful entry into the United States" and was "processed for [a] N[otice] T[o] A[ppear] and paroled into the United States pending a [] hearing." (Dkt. No. 6–1 at 2). Llanes "received parole for one year." (Dkt. No. 8 at 2). Llanes was also issued a Notice to Appear that stated, *inter alia*, "you are subject to removal from the United States." (Dkt. No. 6–1 at 6). On March 2, 2026, Llanes was

---

[1] Respondents are sued in their official capacities as officers or employees of the United States and will collectively be referred to as "the Government."

arrested in Houston, Texas, for driving while intoxicated. (Dkt. No. 6 at 3; Dkt. No. 6–1 at 11; Dkt. No. 8 at 3).

Llanes is being detained at the Houston Contract Detention Facility in Houston, Texas, in the custody of the Department of Homeland Security. Appearing pro se, she filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. No. 1). The Government was ordered to show cause for detaining her. (Dkt. No. 4). The Government filed a motion for summary judgment. (Dkt. No. 6). Later, represented by counsel, Llanes filed a motion for leave to amend her habeas petition and motion to accept a late response to the Government's motion for summary judgment. (Dkt. No. 8).

In her original petition, Llanes claims that because she was "summarily denied bond under an inapplicable provision of the law to her case, she seeks habeas corpus release from this Court." (Dkt. No. 1 at 3). In her motion to amend, Llanes recounts the facts surrounding attempts to terminate removal proceedings but ultimately admits, "[n]one resulted in termination." (Dkt. No. 8 at 4). Llanes "maintains that continued civil detention violates the Due Process Clause of the Fifth Amendment as applied to her circumstances." (Dkt. No. 8 at 5). Her argument appears to be that because she "presented for inspection, received documented parole, and filed a Cuban Adjustment Act adjustment application approximately thirteen months after arrival and well before her detention" her case warrants relief. (Dkt. No. 8 at 5).

This Court has denied relief in nearly identical circumstances and sees no reason to depart from that prior ruling here. *See Adan v. Mullin*, No. 4:26-CV-06653, Dkt. No. 13 at 7–8 (S.D. Tex. Nov. 9, 2026).

In *Adan*, No. 4:26-CV-06653, this Court explained that the granting of parole did not confer legal status or admission upon Adan or provide him the present right to release from custody. *See* 8 U.S.C. § 1182(d)(5)(A) (stating that "such parole of such alien shall not be regarded as an admission"). Citing *Duarte v. Mayorkas*, 27 F.4th 1044, 1058 (5th Cir. 2022), this Court further found that "parole creates something of legal fiction; although a paroled alien is physically allowed to enter the country, the legal status of the alien is the same as if he or she were still being held at the border waiting for his or her application for admission to be granted or denied." Llanes therefore remained an applicant for admission while on parole. When Llanes's parole expired in 2024, she was subject to return to custody and continued treatment as an applicant for admission. *See* 8 U.S.C. § 1182(d)(5)(A); *Gonsalves v. Tate*, No. 4:26-CV-01190, 2026 WL 1999943, at *2 (S.D. Tex. Apr. 6, 2026) (Eskridge, J.). As an applicant for admission who has not been admitted, Llanes is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). In *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 502–08 (5th Cir. 2026), the Fifth Circuit held that an alien present in the United States who has not been admitted is both an "applicant for admission" and deemed to be "seeking admission," and that such aliens are therefore subject to mandatory detention under Section 1225(b)(2)(A). Her pending application for adjustment of status under the Cuban Adjustment Act does not itself establish that she is "clearly and beyond a doubt entitled to be admitted." 8 U.S.C. § 1225(b)(2)(A). The Fifth Circuit has also held that mandatory detention under Section 1225(b)(2)(A), without an individualized bond hearing, does not violate procedural or substantive due process merely because the Government has not established dangerousness or flight risk. *Sosnava*

*Rodriguez v. Vergara*, ____ F.4th ____, 2026 WL 3181188, at *5, *10, *13 (5th Cir. Oct. 23, 2026) (en banc).

Because Llanes's petition raises only issues that have previously been resolved to the contrary by the decisions cited above, she is not entitled to relief. There is no genuine dispute as to any material fact in this case. As explained above, Respondents are entitled to judgment as a matter of law. Llanes is being held in accordance with the law, and her petition for a writ of habeas corpus is **DENIED**. Her motion for leave to amend her petition and her motion to accept a late response are **GRANTED**, and the Court has considered the additional arguments presented in that filing. (Dkt. No. 8). The Government's Motion for Summary Judgment is **GRANTED**.[2] (Dkt. No. 6). All other pending motions are **DENIED as moot**. *See* Fed. R. Civ. P. 56(a).

It is SO ORDERED.

Signed on November 18, 2026.

Drew B Tipton

**DREW B. TIPTON**
**UNITED STATES DISTRICT JUDGE**

[2] Llanes points out that the Government's response contains errors in some of the dates related to Llanes's background. These errors appear to be typographical and, in any event, do not create a genuine dispute of material fact because they do not affect the conclusion that Llanes is subject to mandatory detention.